## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JULISSA BRADSHAW,

      Plaintiff,

v.                                                      CASE NO:  8:15-CV-988-T-30TGW

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Dkt. 41) and Defendant's Response in Opposition (Dkt. 44).  The Court, having reviewed the motion, response, and being otherwise fully advised in the premises, concludes that Plaintiff's motion should be denied.

## DISCUSSION

Plaintiff claims long term disability benefits under an ERISA-governed plan.  On January 25, 2016, Magistrate Judge Thomas G. Wilson recommended that the Court grant Defendant's Motion for Summary Judgment.  Notably, Plaintiff did not file any objection to the Report and Recommendation.  Thereafter, on February 12, 2016, this Court entered an Order adopting the Report and Recommendation and Judgment was entered in Defendant's favor.  Plaintiff then filed the instant Motion for Reconsideration.

Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *See Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc.,* 434 F. Supp. 2d at 1301.

Plaintiff's motion seeks to re-litigate the issues and attempts to raise an argument that she could have raised previously. Plaintiff offers nothing of a "strongly convincing nature" to induce the Court to alter its decision to adopt and affirm the Magistrate Judge's Report and Recommendation. It is also notable that Plaintiff did not assert these arguments in any objection to the Magistrate Judge's Report and Recommendation.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration (Dkt. 41) is denied.

**DONE** and **ORDERED** in Tampa, Florida on March 22, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2015\15-cv-988 mt-reconsider-41-deny.wpd*